IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00710-CMA-MJW

LET'S GO AERO, INC, a Colorado corporation,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

_____

**ORDER STAYING AND ADMINISTRATIVELY CLOSING THIS CASE**
_____

Before the Court is Defendant Amazon.com, Inc.'s Motion to Stay or Administratively Close this case pending the resolution of related proceedings. (Doc. # 18.) Plaintiff Let's Go Aero, Inc. objects to the motion. (Doc. # 22.) For the following reasons, the Court overrules that objection, grants the motion, and stays this case.

## I.     BACKGROUND

Plaintiff asserts four claims for relief against Defendant: (1) direct patent infringement; (2) inducement and contributory infringement; (3) trademark infringement and unfair competition; and (4) illegally passing off infringed products. (Doc. # 1.) All of those claims stem from Plaintiff's foundational allegation that Defendant sold or offered to sell products—manufactured, imported, and supplied by non-party Cequent Performance Products, Inc. (Cequent) and non-party Wyers Products Group, Inc. (Wyers)—which Plaintiff claims infringe on its patents, copyrighted materials, and

trademarks related to its "Silent Hitch Pin" and "GearCage" products (the "Accused Products"). (Doc. # 1 at 1–2.)

Plaintiff has also initiated other earlier lawsuits related to the alleged infringement of the Accused Products. As pertinent here, Plaintiff commenced an infringement action against Cequent in this District in June 2014. *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, Case No. 1:14-cv-1600-RM-MEH. That case has been administratively closed pending the outcome of arbitration between the parties (the Cequent Arbitration). 1:14-cv-1600-RM-MEH, Doc. # 64. Plaintiff also commenced an infringement action against Wyers and U-Haul International, Inc. (U-Haul) in February 2016. *Let's Go Aero, Inc. v. U-Haul International, Inc. et al*, 1: 16-cv-00410-REB-NYW. (the "Wyers and U-Haul Litigation"). Because the claims in that case implicated some of the Cequent Products at issue in the Cequent Arbitration, Magistrate Nina Wang recommended that the case be administratively closed pending the outcome of arbitration. 1: 16-cv-00410-REB-NYW, Doc. # 67. Of note, the Cequent Arbitration and the Wyers and U-Haul Litigation involve the same products implicated in this litigation and allegedly sold or offered to be sold by Defendant.

## II. <u>STAY REQUEST PENDING CEQUENT ARBITRATION</u>

The Cequent Arbitration has not been resolved. A hearing took place on June 7, 2018 and post-hearing briefing is due by October 5, 2018. (Doc. # 23 at 1.) The parties expect a final decision by the Arbitrator in November 2018. (*Id.*) Because, Defendant argues, "the same products, same IP rights, and same causes of action asserted in the Cequent Arbitration . . . are asserted here," this Court should stay and administratively

close this case until the Cequent Arbitration concludes. (Doc. # 18 at 4–5.) Plaintiff objects to a stay of this case on grounds that (1) the Cequent Arbitration has nearly concluded so a stay is unnecessary; (2) the Cequent Arbitration will not resolve all the claims in this case; and (3) Plaintiff has the right to bring suit against the manufacturer (Cequent) *and* the seller (Defendant) simultaneously, particularly if the manufacturer cannot fully compensate Plaintiff.

### A. LAW

The district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). A federal court may dismiss or stay federal proceedings when a parallel or duplicative proceeding is pending in another forum. *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The doctrine likewise applies to parallel or duplicative proceedings pending in arbitration. *THI of New Mexico at Las Cruces, LLC v. Fox*, 727 F. Supp. 2d 1195, 1208 (D.N.M. 2010).

The general rule favors the forum of the first-filed action, i.e. staying the latter-filed action. *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972). There also exists a "customer-suit exception" which provides that litigation against the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

## B. ANALYSIS

Having thoroughly considered the briefing, record, and applicable law, the Court finds that a stay and administrative closure pending the outcome of the Cequent Arbitration is warranted in this case.

To begin, this lawsuit and the Cequent Arbitration are duplicative. Plaintiff in this lawsuit and the arbitration are identical (Let's Go Aero, Inc.). Although the defendants are not identical, for the purpose of determining whether a stay is appropriate in this case, the Court finds that they are "substantially the same." *See, e.g., U.S. v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). The Defendant in this case is alleged to be the seller of infringing products; the defendant in the Cequent Arbitration is alleged to be the manufacturer of some of those same products. Indeed, whether an infringement has occurred is the subject of the Cequent Arbitration. Thus, the Defendant in this case and the arbitration defendant's interests are entirely congruent. *See, e.g., Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) (where interests of parties in both suits are congruent, abstention may be appropriate notwithstanding fact that parties are not identical.). Moreover, the causes of action asserted against the Defendant in this case are nearly identical to the claims asserted against Cequent in the Cequent Arbitration and are inseparable from the primary issue being arbitrated—whether the Cequent products infringe upon Plaintiff's patents, copyrights, or trademarks. Thus, resolution of that issue could either render this action unnecessary or, at the very least, narrow the issues before this Court.

The Court rejects Plaintiff's arguments that the existence of different defendants and claims render the actions not duplicative and a stay unwarranted. That is simply incorrect, and numerous courts have held otherwise. *See, e.g.*, *Int'l Asset Mgmt., Inc. v. Holt*, 487 F.Supp.2d 1274, 1284 (N.D. Okla. 2007) (finding cases parallel because the sole issue presented in first case was also at issue in the second case regardless of the fact that the second case involved additional, unrelated claims).

Moreover, the first-filed rule and the customer-suit exception support staying this case. The suit from which the Cequent Arbitration stems was initiated nearly four years before this lawsuit. The Cequent Arbitration was also commenced before this action was filed. The first-filed rule clearly favors deference to that action. Even if this suit were filed first, the customer-suit exception would favor a stay of this proceeding. Specifically, where "patent infringement litigation has been instituted by a patent holder against both a supplier of an accused instrumentality and its customers, a stay of the customers' cases in favor of the supplier's is appropriate to conserve judicial and party resources, provided the supplier litigation will resolve the major issues in the customer litigation, such as patent infringement and validity." *See, e.g., Blue Spike, LLC v. Zeitera, LLC*, No. 14-cv-01648-YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014); *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, No. 10-CV-02271-PAB-BNB, 2011 WL 5593178, at *4 (D. Colo. Nov. 17, 2011) ("The customer-suit exception allows a court to exercise its discretion to stay litigation in a direct infringement suit against a customer while litigation continues in a different jurisdiction against the manufacturer."); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed.

Cir. 2011); *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

In this case, the parties agree that Defendant is a "customer-reseller" of Cequent, the manufacturer and supplier. Thus, it is within this Court's broad discretion to stay this case while the litigation between Plaintiff and Cequent continues. Indeed, if Cequent prevails in arbitration and the Arbitrator determines that, for example, Plaintiff's patents are invalid (or unenforceable) or that the accused Cequent products do not infringe the asserted patents, copyrights, or trademarks, that ruling would bar Plaintiff from proceeding against Amazon on those same products in this case. *See Kessler v. Eldred*, 206 U.S. 285, 288–89 (1907) (patentee is barred from asserting infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or non-infringement); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185–86 (1952) (judgment in favor of the manufacturer "bars suits against his customers."). If, on the other hand, the Arbitrator finds in favor of Plaintiff and the Cequent products are deemed infringing, that ruling may simplify the issues in this action against Defendant. Under these circumstances, simultaneously proceeding with parallel, duplicative litigation against the manufacturer and seller of allegedly infringing products would be inefficient, wasteful, and risk inconsistent judgments.

In so concluding, the Court rejects Plaintiff's argument that a stay is not warranted because Plaintiff has the right to bring suit against the manufacturer (Cequent) *and* the seller (Defendant) and, if successful, the right to recover against both

parties. Plaintiff's argument is misplaced. This Court is not *dismissing* this action. It is merely staying it pending the resolution of related (and likely dispositive) issues in another forum. A stay of this case preserves an available federal forum in which to litigate Plaintiff's remaining claims against Defendant following arbitration, including any issues related to damages, without Plaintiff having to file a new action.

### III. STAY REQUEST PENDING WYERS AND U-HAUL LITIGATION

Finally, for the same reasons detailed herein, the Court finds that a stay is also warranted pending the outcome of the Wyers and U-Haul Litigation, 16-cv-00410-REB-NYW, which is based in part on issues duplicated in this action. That first-filed suit likewise involves claims by Plaintiff against the manufacturer (Wyers) of allegedly infringing products and, as a result, the resolution of the infringement issue may resolve, or at least narrow, the claims against Defendant in this case, the seller of those allegedly infringing products. If this Court were to instead decline the stay pending resolution of the Wyers and U-Haul Litigation and proceed with this case, for the same reasons applicable to the Cequent Arbitration, it would create duplicative litigation and might result in inconsistent judgments. Such inefficiency is disfavored. *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 819–20 (1976).

### IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion and STAYS this case pending resolution of the Cequent Arbitration and the Wyers and U-Haul Litigation. (Doc. # 18.)

The Court FURTHER ORDERS that this case be ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2, subject to re-opening after resolution of those proceedings.

The Court FURTHER ORDERS that the Parties SHALL FILE a status report with this Court on or before 11/2/2018, and every ninety days thereafter, advising this Court as to the status of the Cequent Arbitration and the Wyers and U-Haul Litigation, until those proceedings or the issues implicated in this case have been resolved.

DATED: July 13, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge